## Case No. 14,314.

In re TYRREL.

[2 N. B. R. 200 (Quarto, 73).] [1]

District Court, S. D. New York. Oct. 17, 1868.

BANKRUPTCY—DISCHARGE—SPECIFICATIONS
IN OPPOSITION.

Vague and general specifications filed in opposition to discharge are insufficient, and a discharge will be granted when the register will have certified conformity to the requirements of the law.

[Cited in Re Carrier, 47 Fed. 440.]

And now comes the creditor, John Williamson, and for grounds of his opposition to the discharge of said bankrupt alleges, upon the examination had, and upon all papers and proceedings herein, and upon his information and belief: First. That said bankrupt has concealed his estate and effects, in wilful violation and fraud of the bankrupt law. Second. That said bankrupt has per sequence of foregoing, sworn false in his affidavit annexed to his Schedule B, in wilful violation and fraud of the bankrupt law. Third. That said bankrupt has per sequence of specification one, and also concerning the indebtedness of, and the dealings with Wetmore, or Wetmore & Gamble and others, and the disposition of

the payments for said indebtedness, and in other particulars, sworn falsely in relation to material facts concerning his estate, in wilful violation and fraud of the bankrupt law. Fourth. That said bankrupt has neglected to deliver to the assignee the property that in fact belonged to him at the time of filing his petition, and has not mentioned the same in his schedules annexed thereto, in wilful violation and fraud of the bankrupt act. Fifth. That said bankrupt has neglected to produce before the register, or deliver to the assignee, his books, papers and writings relating to his estate, in wilful violation and fraud of the bankrupt law. Sixth. That said bankrupt has in all his business transactions in effect changed his name from Daniel Tyrrel to J. Tyrrel; that he deals under that name in his business of carpenter, builder and contractor, and is known by that name and not otherwise by most of those with whom he deals; that he has received and earned moneys under such name within four months and for a long period prior thereto, not mentioned and accounted for in his schedules, all in wilful violation and fraud of the bankrupt law. Seventh. That in contemplation of being and continuing insolvent and bankrupt, and for the purpose of keeping and concealing his property and the proceeds of said business from his creditors, and preventing the same coming to his assignee, the bankrupt makes claim that his wife is the said carpenter, builder and contractor, and not he; and his said wife, at the instigation and with the connivance of said bankrupt, falsely and wrongfully makes claim to the property acquired and held by said bankrupt under said name of J. Tyrel, all in wilful violation and fraud of the bankrupt law. John Williamson, by G. & P. Stillman, his attorneys herein.

BLATCHFORD, District Judge. The specifications filed in opposition to the discharge are all of them too vague and general, and are insufficient. A discharge will be granted when the register shall have certified conformity.